GOODIN *et al.*, commissioners, *v.* McRAE.

Under the pleadings and facts in the case, the court did not err in granting an interlocutory injunction.

No. 5605. NOVEMBER 24, 1926.

Injunction. Before Judge Crum. Wilcox superior court. July 27, 1926.

*Hal Lawson*, for plaintiffs in error. *Strozier & Gower*, contra.

BECK, P. J. The defendant in error, alleging that she was a citizen and taxpayer of the county, filed her petition against the board of county commissioners of Wilcox County, alleging that they purposed to sell certain land situated in the town of Abbeville, which belonged to the county, and which, as defendant in error contended, constituted a part of the court-house grounds, and that the commissioners had duly signed and delivered to a named party a written option to purchase said land within a given time, it being the purpose and intention of the prospective purchaser to erect and maintain thereon a gasoline-filling station and an automobile repair shop. Defendant in error further alleged and contended that the property of the county used for public purposes, and upon which the court-house was situated, would be greatly and irreparably damaged. At the interlocutory hearing the court, after evidence was submitted, granted an interlocutory injunction, and the defendants, the board of county commissioners, filed their bill of exceptions and brought the matter here for review.

It can not be said that under the pleadings and evidence in the case the court abused its discretion in granting the interlocutory injunction. This holds the matter in statu quo until the issue of fact can be determined upon the final trial. At the trial, in the event sufficient evidence is submitted to make a question for the jury as to whether or not the board of county commissioners

Counties, 15 C. J. p. 456, n. 53; p. 471, n. 18; p. 538, n. 43; p. 641, n. 59 New.

Injunctions, 32 C. J. p. 20, n. 4.

are abusing their discretion in selling the tract of land in question, the court can, in his charge, give to the jury the principle that controls in such cases. The controlling question in such a trial would be, under the provisions of section 313 of the Civil Code, whether the property in question had become unserviceable. The statute referred to declares that "When any public property shall become unserviceable, it may be sold or otherwise disposed of, by order of the proper authority." See, in this connection, the cases of *Town of Decatur* v. *DeKalb County,* 130 *Ga.* 483 (61 S. E. 23), and *Dyer* v. *Martin,* 132 *Ga.* 445, 449 (64 S. E. 475). In the latter case it was ruled: "Before the commissioners can lawfully proceed with the sale of the real estate of the county, it must appear that the same has become unserviceable." We know that this court has stated in very strong terms that a court of equity will not interfere with the discretionary action of the governing officials of a county within the scope of their legally delegated powers, unless such action is arbitrary and amounts to abuse of discretion. *Dyer* v. *Martin,* supra. And this court has also said that when the action of a board of county commissioners is within the scope of the powers conferred on them by law, and a taxpayer institutes a proceeding in equity seeking an injunction to restrain them from carrying out a proposed administrative act, the question is not whether taxpayers may honestly differ with the commissioners as to the wisdom of their course, but whether the course of action sought to be restrained is so palpably against the best interest of the county as to amount to an abuse of discretion. *Dyer* v. *Martin,* supra. And in the case of *Dunn* v. *Beck,* 144 *Ga.* 148 (86 S. E. 385), it was said: "In the administration of county affairs county commissioners are vested by law with a broad discretion, and the reviewing power of a judge of the superior court should be exercised with caution, and no interference had unless it is clear and manifest that the county authorities are abusing the discretion vested in them by law. In the instant case such abuse of discretion by them was not made to appear, and the court erred in enjoining the erection of the court-house as proposed by the county commissioners." But, in view of all the facts presented by the record in this case, we think the trial court did not err in preserving the status quo until all the facts may be

developed upon a final trial and a jury permitted to pass upon the question of fact in the case, if such be raised.

*Judgment affirmed. All the Justices concur.*